
FILED

2011 Jun-22  AM 08:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| REP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV: 11-1474-IPJ |
| | ) | |
| SUNTECH CIRCUITS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### Procedural Background

Pending before this court is plaintiff's, REP, Inc. ("REP"), motion to remand and memorandum brief in support (doc. 6); and defendant's, Suntech Circuits, Inc. ("Suntech"), response in opposition (doc. 10).

### Factual Background

Suntech is a corporation organized and existing under the laws of the state of Arizona.  Suntech's principal place of business is Chandler, Arizona. Hoganson[1] Decl., ¶ 3 (doc. 1-1).

---

[1] Tim Hoganson ("Hoganson") is, and was at all relevant times to this action, the Vice President of Suntech.  Hoganson Decl., ¶ 2 (doc. 1-1).

REP is a corporation organized and existing under the laws of the state of Georgia.  Rich Decl., ¶ 3 (doc. 1-2).  REP's principal place of business is Huntsville, Alabama.  Compl., ¶ 1 (doc. 1-3).

REP is a manufacturer's sales representative, and as such, provides services as "outside salesmen" to manufacturers of electronic components.  Compl., ¶ 3 (doc. 1-3).  Suntech is a provider of electronic components, but it does not have a location in the Southeastern United States.  On about October 1, 2008, REP and Suntech entered into a Sales Representative Agreement ("Agreement"), pursuant to which REP was to serve as Suntech's exclusive sales representative in the defined territory – "the geographic area bounded by the state lines of Tennessee, Mississippi, Alabama, Georgia, North Carolina and South Carolina."  The Agreement provided that REP would be paid a 5% commission on all sales of Suntech products that were invoiced to customers within REP's territory.  *Id*., ¶ 4-6.  The Agreement further provides that commissions are to be paid to REP only on "Net Sales."  Sales Representative Agreement, § 5 (doc. 6-1).

One of REP's customers named Flextronics is located in Charlotte, North Carolina.  Upon meeting with Flextronics to discuss Suntech and its products, REP learned that Flextronics was already buying Suntech's circuit boards as part of the Flextronics Program.  Suntech has not remitted to REP any commission on

those sales.  Compl., ¶ 8-11 (doc. 1-3).  REP claims that Suntech continues to sell its goods to Flextronics without paying REP any commissions.  *Id*., ¶ 13.

One of plaintiff's attorneys, Brad English, states he received a telephone call, on or about March 21, 2011, from Hoganson, who advised English that he was an officer of Suntech and wanted to discuss the case.  During the telephone conversation, English states that Hoganson let him know that Hoganson was in possession of an email between Hoganson and John Milligan, CEO of REP, which Hoganson believed to be an alteration or modification of the Agreement, so as to exclude certain customers from coverage.  On March 21, 2011, Hoganson sent the copy of the email ("Ongoing Relationship Email") with Milligan along with a copy of the Agreement to English.  On March 22, 2011, English responded to the email and advised Hoganson that he did not agree with the contention that the Ongoing Relationship Email served to alter or modify the Agreement.  Additionally, Hoganson responded with a spreadsheet showing what Suntech believed to be REP's commissions owed as of that date – the amount totaled $3276.70.  English Aff., ¶ 5-7, 9 (doc. 6-1).

On April 13, 2011, Hoganson sent an e-mail to English and Loftin, another one of plaintiff's attorneys, discussing the possibility of mediating the claims and issues raised in the lawsuit, questioning REP's allegations, and asking English if

he would be participate in a conference call.  The same day, English responded

with the "Reply Email."  Hoganson Decl.,  ¶ 5-8 (doc. 1-1).  In the Reply Email,

English stated the following:

> You've asked for our thoughts and, very generally speaking, we think
> it's pretty clear that Suntech has to pay a 5% commission on net sales to
> customers in Rep's territory.  We are aware that Suntech has made
> millions of dollars in sales to Flextronics in North Carolina over the
> course of the last year or so.

Hoganson Decl., Ex. 1 (doc. 1-1).  English states that he "did not have at the time

of that email, nor [does he] have today, the ability to calculate commissions that

REP would be owed if it prevails in this case."  English Aff., ¶ 10 (doc. 6-1).

REP initiated this action in the Circuit Court of Madison County, Alabama

with the filing of its Complaint against Suntech on March 4, 2011.  English Aff., ¶

2 (doc. 6-1).  Service of process was effected on Suntech on March 7, 2011.  *Id.*, ¶

3.  Two months later months later, on May 3, 2011, Suntech filed its Notice of

Removal to this Court, therein claiming that the Court had the requisite diversity

jurisdiction.  Notice of Removal (doc. 1).

## Legal Analysis

I.    *Timeliness*.

28 U.S.C. § 1446(b) states –

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

REP admits that the Complaint does not state a removable claim on its face – there are no damages specifically alleged.  However, REP contends that a duty to investigate existed, and since Suntech had access to all the information necessary to determine the amount in controversy, REP argues the first paragraph of § 1446(b) applies, giving Suntech 30 days to remove the case after the Summons and Complaint were served.  As Suntech points out though, the case law cited by REP is based upon the *Kaneshiro* case from Hawaii, which was later abrogated by its own circuit.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("in the twenty-five years since [*Kaneshiro*] was decided, no federal circuit court of appeals has embraced its rationale"; "the [thirty-day period for removal contained in the first paragraph of 28 U.S.C. § 1446(b)] only applies if the case

5

stated by the initial pleading is removable on its face").  Many of the other circuits

also have declined to find a duty to investigate.  *See Chapman v. Powermatic, Inc.*,

969 F.2d 160, 163 (5th Cir. 1992);  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34,

38 (2nd Cir. 2010); *Foster v. Mutual Fire, Marine & Inland, Ins. Co.*, 986 F.2d 48,

54 (3rd Cir. 1993); *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir.

1997); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000).  The 11th Circuit has yet to

determine whether a duty to investigate exists.  *See Pretka v. Kolter City Plaza II,*

*Inc.*, 608 F.3d 744, 767 n. 23 (11th Cir. 2010)("We need not decide, and do not

purport to decide, whether a defendant has a duty to investigate the necessary

jurisdictional facts within the first thirty days of receiving an indeterminate

complaint").  The 5th Circuit, in *Chapman*, decided a case similar to this one and

found no duty to investigate.  In that case, diversity of citizenship was clear from

the complaint; however, specific damages were not pled.  The court found that

*even though defendant* "*knew that the amount in controversy exceeded the*

*$50,000 minimum jurisdictional limit of the federal court when it received the*

*initial pleading,"* the defendant did not have to respond within thirty days after

service of the complaint because defendant was under no duty of due

diligence/duty to investigate.  *Chapman*, 969 F.2d at 162, n. 4 (emphasis added).

In the case before this court, the facts were not even as strong as they were for the

plaintiff in *Chapman*.  Here, Suntech has not admitted to actually knowing the jurisdictional amount; in fact, Suntech contends that before receiving the Reply Email, it believed the amount in controversy to be much less than the jurisdictional amount.  Like the court in *Chapman*, this court finds that in order to promote certainty and judicial efficiency, no duty to investigate exists where a pleading is not removable on its face.

Under the second paragraph of § 1446(b), Suntech timely filed its May 3, 2011, notice of removal within thirty days of receiving an "other paper" from REP.  *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007)( "Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists").  *Lowery* further states that the "documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction."  *Id.*  Until the Reply Email was sent in April of 2011, there was not sufficient support for a good faith removal of the case.  As evidenced in the Ongoing Relationship Email in March 2011, REP was only stating that its contention was that they knew of nothing that modified or

terminated the Agreement.  Nothing in that email was an unambiguous statement that the amount in controversy exceeded the jurisdictional amount.  Further, Hoganson believed the commissions at issue up to that date totaled only approximately $3200.  As such, the Reply Email was the first evidence or "unambiguous statement that clearly establishes federal jurisdiction."  The Reply Email is an "other paper" under the second paragraph of § 1446(b).  *See Lowery*, 483 F.3d at 1213 n. 62 (*citing Callahan v. Countrywide Home Loans*, 2006 WL 1776747, at *3-*4)(N.D. Fla. 2006)(recognizing an e-mail from plaintiff's counsel estimating damages as "other paper"); *see also Dominguez v. Peek*, 2010 WL 1658550 (S.D. Ala. 2010)(finding that an email is sufficient to constitute an "other paper").  The Reply Email, as an "other paper," unambiguously stated the amount in controversy exceeds $75,000, as discussed below.  Thus, Suntech timely filed its May 3, 2011, notice of removal within 30 days of the April 13, 2011, Reply Email as required by the second paragraph of § 1446(b).


II.     *Amount in Controversy*.

When the amount in controversy is unspecified, the removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.  *Lowery*, 483 F.3d at 1208-09.  "The

pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (*citing Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)).

      REP contends that the Reply Email was referring to gross sales, while the Agreement only required commissions on Net Sales.  However, nowhere in English's Reply Email does he mention that REP is only referring to Gross Sales. English states it is "pretty clear that Suntech has to pay a 5% percent commission on *net sales* to customers in Rep's territory. [Rep is] aware that Suntech has made *millions of dollars in sales* to Flextronics in North Carolina over the course of the last year or so.  That would be in Rep's territory." (emphasis added).  The language of the email clearly shows that REP believes these millions are more than just gross sales, they are sales on which REP contends Suntech owes them a commission.  Further, REP is seeking treble damages in its complaint pursuant to *Ala. Code* § 8-24-1, *et. seq*.[2]  As Suntech points out, even if there was only $1 million in net sales, 5% of that is $50,000, and under the *Ala. Code*, treble damages would bring that total to $150,000, double the required jurisdictional

---

      [2] Ala. Code § 8-24-3 provides that a "principal" who fails to timely pay commissions is liable to a "sales representative" for "three times the damage sustained by the sales representative plus reasonable attorney's fees and court costs."

amount.

Suntech has met its burden in showing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.

*III.*    *Estoppel.*

REP has moved to estop Suntech from being "heard to oppose" the motion to remand because REP claims Suntech has taken contrary positions in its notice of removal (doc. 1) and a subsequent motion to dismiss, or in the alternative, motion to stay and transfer venue ("motion to dismiss/stay") (doc. 2).

Judicial estoppel will "'generally prevent a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *New Hamphsire v. Maine*, 532 U.S. 742, 749 (2001) (*quoting Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8 (2000)).  Suntech has not taken inconsistent, contradictory positions in its two motions.  A federal court has original jurisdiction over claims between parties that are citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Under § 1332(a) and § 1441, this court has jurisdiction over the matter and Suntech properly removed this case before this court.  Suntech's other motion, the motion to dismiss/stay, deals with an

arbitration provision in the Agreement between the parties – Suntech has asked this court to transfer the case to Arizona, where the parties had agreed, in the Agreement, to arbitrate.  There is no inconsistency in Suntech's position, thus, estoppel is not proper here.

IV.    *Attorneys' Fees*.

Under § 1447(c), courts may award attorneys' fees only where the removing party lacked an objectively reasonable basis for seeking removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  However, Suntech has properly removed the case to this court, and therefore, REP's demand for attorneys' fees is denied.

## Conclusion

Having considered all of the foregoing, the court is of the opinion that REP's motion to remand (doc. 6) is due to be **DENIED**, which the court shall do by separate order.

**DONE** and **ORDERED** this 22nd day of June 2011.

_____

**INGE PRYTZ JOHNSON**
**U.S. DISTRICT JUDGE**